IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GARY WILLIAMS,                          )
                                        )
          Plaintiff,                    )
                                        )
v.                                      )          Civil Action No. 3:13CV672–HEH
                                        )
BRADLEY CAVEDO, *et al.*,               )
                                        )
          Defendants.                   )

## MEMORANDUM OPINION
### (Dismissing With Prejudice 42 U.S.C. § 1983 Action)

Gary Williams, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed

this 42 U.S.C. § 1983 action.[1]  The matter is before the Court for evaluation pursuant to

28 U.S.C. §§ 1915(e)(2) and 1915A.

### A.     Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss

any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2)

"fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28

U.S.C. § 1915A.  The first standard includes claims based upon "'an indisputably

---

[1] The statute provides, in pertinent part:

Every person who, under color of any statute . . . of any State . . . subjects, or
causes to be subjected, any citizen of the United States or other person within the
jurisdiction thereof to the deprivation of any rights, privileges, or immunities
secured by the Constitution and laws, shall be liable to the party injured in an
action at law . . . .

42 U.S.C. § 1983.

meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates,* 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient

2

"to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## B.   Summary of Allegations

In a rambling and fanciful Complaint, Williams alleges that Bradley Cavedo, a Circuit Court Judge for the City of Richmond, and defense attorney Cary Bowen committed various errors in his criminal prosecution. Williams faults Defendant Bowen for "representing Plaintiff Gary Williams against his expressed wishes." (Compl. 5.)[2]

---

[2] The Court corrects the capitalization in quotations from Williams's Complaint.

Williams contends that Defendant Bowen failed to "secur[e] the appearance of the plaintiff's material witnesses for the March 20, 2012 revocation hearing," failed to call Williams's "to testify in [sic] his own behalf . . . after recognizing . . . that Plaintiff Williams wanted to testify and present evidence in [sic] his own behalf," and "deliberately failed to note an appeal." (*Id.* at 6.) Williams alleges that Defendant Cavedo, "after being properly given notice in January of 2012 that the state prosecution has been removed to federal court . . . did so deliberately and without jurisdiction enter a judgment of conviction against Plaintiff Williams . . . ." (*Id.* at 1.) Williams further claims that, in violation of 42 U.S.C. § 1985, Defendants Cavedo and Bowen, conspired against Williams.  He contends:

> Defendant Cavedo's decision to enter a March 20, 2012 judgment of conviction against Plaintiff Williams without jurisdiction was so motivated by racial animus, petty revenge, manipulation of the racial make up [sic] of judgeship [sic] appointments in the City of Richmond, and part of conspiracy with Plaintiff Williams's unwanted counsel Defendant Cary Bowen to make sure Plaintiff Williams never testified or produced any evidence in court . . . .

(*Id.* at 3.)[3]  Williams demands an order vacating his state probation revocation and prohibiting Defendant Cavedo from presiding over any of Williams's future cases and $250,000.00 in monetary damages. (*Id.* at 8.) As explained below, Williams's Complaint will be dismissed.

---

[3] Williams's also suggests that: "Defendant Bowen stated to Plaintiff Williams that he and Defendant Cavedo could not allow Plaintiff Williams to ruin the state prosecutor (Thorne-Begland's) nomination for judgeship by testifying and introducing evidence that the prosecutor knowingly and intelligently used perjury to initiate and revoke Plaintiff Williams's suspended prison sentence. . . ." (Compl. 6.)

### C.  Analysis

#### 1.  Conspiracy under 42 U.S.C. § 1985

To plead a violation of 42 U.S.C. § 1985, a plaintiff "must demonstrate with specific facts that the defendants were 'motivated by a specific class-based, invidiously discriminatory animus to [ ] deprive the plaintiff [ ] of the equal enjoyment of rights secured by the law to all.'" *Francis v. Giacomelli*, 588 F.3d 186, 196–97 (4th Cir. 2009) (first alteration in original) (quoting *Simmons v. Poe*, 47 F.3d 1370, 1376 (4th Cir. 1995)). Because Williams's allegation of a conspiracy "amounts to no more than a legal conclusion, on its face it fails to assert a plausible claim." *Id.* at 197 (citing *Iqbal*, 556 U.S. at 679; *Gooden v. Howard Cty., Md.*, 954 F.3d 960, 969–70 (4th Cir. 1992)); *see Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184–85 (3d Cir. 2009) (dismissing conclusory allegations of a conspiracy) (citing *Crabtree v. Muchmore*, 904 F.2d 1475, 1480–81 (10th Cir. 1990)).

To the extent Williams seeks to allege a conspiracy under 42 U.S.C. § 1983, his Complaint is similarly deficient. *Ruttenberg v. Jones*, 283 F. App'x 121, 131–32 (4th Cir. 2008). In order to satisfy his pleading burden with respect to a conspiracy, Williams "needed to plead facts that would 'reasonably lead to the inference that [Defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan.'" *Id.* at 132 (quoting *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996)). "[T]he bare, conclusory allegation that the [D]efendants conspired to violate his constitutional rights" is insufficient. *Id.* Thus, Williams's has failed to adequately

plead a claim for conspiracy. Moreover, his allegations regarding a conspiracy are factually frivolous. Accordingly, Williams's claims of conspiracy will be dismissed.

### 2. Persons Not Amenable to Suit Under § 1983

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of either a constitutional right or a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Private attorneys and public defenders do not act under color of state or federal authority when they represent defendants in criminal proceedings. *See, e.g., Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (holding that private attorneys do not act under color of state or federal law when representing clients). Accordingly, Williams's claims against Defendant Bowen will be dismissed.

### 3. Judicial Immunity

Judges are absolutely immune from suits under § 1983 for acts committed within their judicial discretion. *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). "Absolute judicial immunity exists 'because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.'" *Lesane v. Spencer*, No. 3:09CV012, 2009 WL 4730716, at *2 (E.D. Va. Dec. 3, 2009) (quoting *McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972) (citations

omitted), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir.1995)).

Judges are entitled to immunity even if "the action he took was in error, was done

maliciously, or was in excess of his authority . . . ." *Stump*, 435 U.S. at 356. Only two

exceptions apply to judicial immunity: (1) nonjudicial actions, and (2) those actions

"though judicial in nature, taken in complete absence of all jurisdiction." *Mireles v.*

*Waco*, 502 U.S. 9, 11–12 (1991) (citation omitted). Neither exception applies in this

instance. Williams's claims against Defendant Cavedo will be dismissed.

**D.     Conclusion**

     Accordingly, Williams's claims and the action will be dismissed with prejudice.

The Clerk will be directed to note the disposition of the action for the purposes of 28

U.S.C. § 1915(g).

     An appropriate Order will accompany this Memorandum Opinion.

 

                                          /s/

                                HENRY E. HUDSON

Date: March 4, 2014                  UNITED STATES DISTRICT JUDGE

Richmond, Virginia