IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

GARY B. WILLIAMS, )
)
    Plaintiff, )
)
v. )   Civil Action No. 3:13CV672–HEH
)
BRADLEY CAVEDO, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION
(Denying Rule 59(e) Motion)

Gary B. Williams, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] In his § 1983 action, Williams sued the state judge who presided over his criminal trial and Williams's defense counsel. By Memorandum Opinion and Order entered on March 4, 2014, the Court dismissed the action. On March 14, 2014, the Court received from Williams a motion seeking relief under Federal Rules of Civil Procedure 59 and 60. (ECF No. 12.) Because Williams filed his request for reconsideration within the twenty-eight-day time limit for motions under Fed. R. Civ. P.

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law ....

42 U.S.C. § 1983.

59(e), the Court treats the motion as one under Rule 59(e). *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978).

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).[2] Williams fails to demonstrate that the Court committed a clear error of law in dismissing the present action. Nor does Williams demonstrate any other basis for granting Rule 59(e) relief. Accordingly, Williams's Rule 59(e) Motion (ECF No. 12) will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: June 27, 2014
Richmond, Virginia

---

[2] *See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (noting that a "'Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995))).

2